Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000745
21-DEC-2015
09:40 AM

NO. CAAP-13-0000745

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NK, on behalf of VK, Petitioner-Appellant, v.
SK, on behalf of KS, Respondent-Appellee


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-DA NO. 13-1-0132)


SUMMARY DISPOSITION ORDER
(By: Foley and Reifurth, JJ., and
Nakamura, C.J., dissenting)

Petitioner-Appellant NK ("Father"), on behalf of his minor son, VK, sought issuance of a protective order against Respondent-Appellee SK ("Mother"), VK's mother, and KS, Mother's minor son and VK's half-brother. Father alleged that KS had sexually molested VK at Mother's home. At the time, Mother and Father had joint custody of VK and his siblings, KK and BK ("the three siblings"). At approximately the same time that he filed for the protective order, Father sought to modify the custody award in the parties' paternity case (FC-P No. 12-1-0114).

On March 12, 2013, the Family Court of the Second Circuit ("Family Court") issued a Temporary Restraining Order against Mother and KS. At a show-cause hearing on March 20, 2013, the Family Court issued an Order for Protection in which it granted Mother supervised visitation with the three siblings "as ordered by the therapist"; granted an order of protection against KS; and awarded temporary physical custody of the three siblings to Father until April 9, 2013, the date of a scheduled hearing on

Father's paternity-case motion to modify custody.[1]

Father filed motions to amend the Order for Protection on March 27, 2013, and April 4, 2013 ("April 4, 2013 Motion to Amend"). The Family Court denied the March 27, 2013 motion without a hearing on the same day that it was filed.[2]

On April 9, 2013, the Family Court held a consolidated hearing on Father's April 4, 2013 Motion to Amend and on his motion to modify custody in the paternity case.[3] The Family Court orally denied the April 4, 2013 Motion to Amend, and granted in part and denied in part the motion to modify custody. Specifically, the court granted the custody motion to the extent that it ordered that KS not have any communication or contact with the three siblings unless necessary for treatment purposes or otherwise ordered by the court. On April 9, 2013, the Order for Protection dissolved by its terms, and because the custody order did not further modify custody of the three siblings, custody reverted back to the joint custody arrangement that had preceded it.

On April 19, 2013, Father filed a motion to reconsider the April 9, 2013 oral order. On May 3, 2013, the Family Court issued its order denying Father's motion to reconsider on the basis that the motion did not present any new facts or information that were not available and considered at the April 9, 2013 hearing.[4]

On July 5, 2013, the Family Court issued (1) Findings of Fact and Conclusions of Law regarding the March 20, 2013 show-cause hearing ("March FOF/COL") and (2) Findings of Fact and Conclusions of Law regarding the April 9, 2013 hearing on the April 9, 2013 Motion to Amend and the motion to modify custody ("April FOF/COL").

Father appeals from the following orders: the March 20, 2013 Order for Protection; the March 27, 2013 denial of the

---

[1]     The Honorable Douglas J. Sameshima presided.

[2]     The Honorable Douglas J. Sameshima presided.

[3]     The Honorable Barclay MacDonald presided.

[4]     The Honorable Barclay MacDonald presided.

Motion to Amend [Hawaii Revised Statutes ("HRS") §] 586 Protective Order, filed March 27, 2013; the April 9, 2013 oral order denying the April 4, 2013 Motion to Amend;[5] and the May 3, 2013 Order Denying [Father's] Motion to Reconsider Order Entered on April 9, 2013 Filed April 19, 2013.

Father raises five points on appeal, asserting that the Family Court erred by: (1) considering a stipulated order that Mother and JS, KS's father, had made in their divorce case (the "Stipulated Order")[6] to be a sufficient basis for limiting the Order for Protection to twenty days and for declining to extend it thereafter; (2) declining to extend the period of protection beyond twenty days "[b]ecause of the '[b]est [i]nterest' of a [j]uvenile [a]ssailant"; (3) declining to extend the period of protection beyond twenty days "[b]ecause the[ a]ssailant is [t]hirteen [y]ears [o]ld"; (4) declining to extend the period of protection beyond twenty days because Father had not provided expert testimony regarding the victims' psychological harm; and (5) applying a change in circumstances test to Father's motions to amend the Order for Protection.

(1) Father contends that the Family Court erred in limiting the Order for Protection to twenty days and, thereafter, in refusing to extend the period of protection, on the basis of the Stipulated Order. We disagree.

First, the Family Court did not abuse its discretion by considering the Stipulated Order, which separated KS from the three siblings, when it issued the Order for Protection with a twenty-day period of protection.

> Generally, the family court possesses wide discretion
> in making its decisions and those decisions will not be set
> aside unless there is a manifest abuse of discretion.
> Thus, [an appellate court] will not disturb the family
> court's decisions on appeal unless the family court
> disregarded rules or principles of law or practice to the
> substantial detriment of a party litigant and its decision

---

[5] Father attached to his notice of appeal, as one of the orders appealed from, a copy of the minutes from the April 9, 2013 hearing reflecting the denial of Father's April 4, 2013 motion to amend the Order for Protection.

[6] Mother and JS agreed to entry of the Stipulated Order in their divorce case which awarded JS with sole physical custody of KS, prohibits contact between KS and the three siblings unless necessary for treatment purposes or otherwise ordered by the court, and allows Mother no visitation with KS when she has custody of the three siblings.

clearly exceeded the bounds of reason.

*Schiller v. Schiller*, 120 Hawai'i 283, 287, 205 P.3d 548, 552 (App. 2009) (citing *Fisher v. Fisher*, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006)). Here, it is true that the Family Court considered the Stipulated Order when it issued the Order for Protection. However, the Family Court also considered other factors when it decided to limit the period of protection to twenty days. In FOF 27 of the March FOF/COL, for instance, the court found that "[b]ecause the issue of custody of [VK], [KSK], and [BRK] was to be addressed at the April 9, 2013 hearing . . . it was only necessary that an order for protection issue until April 9, 2013." That is, because the Family Court determined that it would revisit the custody issue with the same parties involved in the Order for Protection at its scheduled April 9, 2013 hearing, it did not abuse its discretion by limiting the period of protection until that time. *See* Haw. Rev. Stat. § 586-5.5(a) (2006) (providing that a protective order may be issued for a "fixed reasonable period as the court deems appropriate"); *cf. Lite v. McClure*, No. 29107, 2009 WL 1263099, at *2 (Hawai'i App. May 8, 2009) (holding that the family court did not abuse its discretion by rejecting request for an indefinite protective order and setting the term for a fixed period of ten years).

Second, although the Family Court considered information gleaned from the Stipulated Order at its April 9, 2013 hearing, the court based its decision not to extend the Order for Protection on considerably more than that. Among other things, as reflected in the April FOF/COL, the court found that:

### FINDINGS OF FACT

. . . .

20. Father did not file a Motion to extend the Order for Protection pursuant to Hawaii Revised Statutes [§] 586-5.5.

21. Father did not serve the 4/4/2013 Motion to Amend on counsel for [Mother] until April 8, 2013.

. . .

24. At the April 9, 2013[ hearing], Father presented no new evidence that would establish a material change in

4

circumstances to warrant an extension of the Order for
Protection.

25. Moreover, by the April 9, 2013 hearing, the Order
for Protection had already expired.

. . . .

35. At the April 9, 2013 hearing[,] Father did not
proffer a declaration or testimony of a therapist which
substantiated his allegations of what the therapist would
recommend.

Therefore, contrary to Father's contention, the Family Court did
not conclude that the Stipulated Order was "sufficient to limit"
VK to an Order of Protection for twenty days, and the court,
therefore, did not err.

(2) Father next contends that the Family Court erred
by considering the best interests of the juvenile offender when
it refused to extend the period of protection beyond twenty days.
Specifically, Father points to the introductory phase of the
April 9, 2013 hearing when the court stated that, "I don't want
to completely disregard [KS]. I want to keep it in his best
interest as well." Significantly, however, the court immediately
added that, "But the weight we give to [KS] today may not be what
we give to [KSK] and [VK]." Accordingly, we find that Father's
argument on this point is meritless.

Here, Father points to nothing in the record to support
his contention that "[t]he best interests of the perpetrator
militated against an order of protection for the victims[,]" or
that the court ever entertained such a notion. Furthermore, the
April FOF/COL makes no mention of KS's best interest. Indeed, as
noted above, the court appeared to base its decision not to
extend the period of protection on the fact that Father had not,
by the April 9, 2013 hearing, offered any evidence in support of
his contention that the status quo posed psychological danger to
the three siblings. Notwithstanding the Family Court's
introductory comment then, the record lacks any evidence that the
Family Court actually considered the assailant's best interests,
and in the face of evidence to the contrary, we hold that the
court did not err.

(3) Father also contends that the Family Court "erred
in limiting victims of family violence to 20 days of protection

under chapter 586 *because* their assailant is 13 years old."
(Emphasis added.)  We disagree.[7]/

We identify nothing establishing that the court denied Father's motion to amend *because* KS was thirteen at the time, nor does it appear that the fact had any bearing on the court's decision.  Indeed, although the Family Court expressed discomfort with the fact that KS was only thirteen years old at the time of the offense, nothing in the April FOF/COL suggests that this formed the basis for the court's decision to deny Father's motion to amend.  In fact, in denying the motion, the court appeared to rely primarily on Father's failure to offer any evidence in support of his contention that the status quo posed psychological danger to the three siblings at the April 9, 2013 hearing.  Moreover, because the April 9, 2013 hearing was a consolidated hearing on Father's motion to amend the Order of Protection and Father's motion to modify custody in the paternity case, what might have been irrelevant to the Order of Protection could have born more directly on the question of custody.[8]/  Finally, *In re TC*, which involved an appeal from prosecuting a minor for sexual assault under HRS §§ 707-730 (Supp. 2002), 707-732 (Supp. 2002), does not resolve the issue here.  Therefore, we hold that the Family Court did not err.

---

[7]/      The argument section of Father's briefing on this point of error consists of selected excerpts from the April 9, 2013 transcript, but it does not contain any actual argument or citations to any authority save that, Father contends, "[t]his [c]ourt . . . has spoken to this issue" in *In re TC*, 121 Hawaiʻi 92, 107, 214 P.3d 1082, 1097 (App. 2009).  As such, Father's argument fails to comply with the Hawaiʻi Rules of Appellate Procedure Rule 28.  Accordingly, it may be deemed waived.  *See* Haw. R. App. P. 28(b)(7) ("Points not argued may be deemed waived.") However, "noncompliance with Rule 28 does not always result in dismissal of the claims," *Marvin v. Pflueger*, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012), and our policy is to allow litigants "to have their cases heard on the merits, where possible."  *O'Connor v. Diocese of Honolulu*, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994).  "This is particularly so where the remaining sections of the brief provide the necessary information to identify the party's argument."  *Pflueger*, 127 Hawaiʻi at 496, 280 P.3d at 94.

[8]/      That is, the court may have made its statement about not "completely disregard[ing]" KS's best interests at an inopportune time, and it may have intended this statement to refer to its handling of the custody proceeding regarding the three siblings.  Indeed, "in custody proceedings, the paramount consideration . . . is the best interests of the child."  *Doe v. Doe*, 98 Hawaiʻi 144, 155-56, 44 P.3d 1085, 1096-97 (2002) (citing *In re Doe*, 52 Haw. 448, 453, 478 P.2d 844, 847 (1970)).  And courts shall consider several factors in determining  the best interests of the child—including the child's safety.  *See* Haw. Rev. Stat. § 571-46(b) (2013).

(4)   Father also contends that the Family Court erred by declining to extend the period of protection beyond twenty days because Father introduced no expert testimony on the issue of psychological harm to VK.  Because Father failed to demonstrate that VK or any of the three siblings remained at physical or psychological risk after custody of KS had transferred to his father, this point of error fails.

At the March 20, 2013 hearing on the Order for Protection, Father's counsel stated that the three siblings were seeing a therapist, and that they sought protection "until the [custody dispute between Mother and Father] is heard and until the therapeutic recommendations of their therapist are established and there is an order that [sic] be followed." Accordingly, the Family Court set the term of the Order for Protection at twenty days, or until the next hearing on the custody dispute.

At the next custody hearing, which took place at the consolidated hearing on April 9, 2013, Father provided no recommendations from the therapist, or any evidence at all of the event in question or the condition of any of the alleged victims. The Family Court expressed frustration that Father was providing no evidence of a change in circumstances or about the harm that might occur to the three siblings if they were not kept apart from KS.  In the absence of any evidence, the court noted that it was being asked to speculate.  In sum, the court observed that "there's no evidence before the Court. . . . No affidavits from any therapists or experts—that this is a problem.  There's no evidence that that's a problem[, or] that it's too soon either."

HRS § 586-9 requires that a party requesting modification of an order for protection show a "material change in the circumstances of the parties since the issuance or last modification of the order."  Haw. Rev. Stat. § 586-9.  By failing to present any therapeutic recommendations, or any evidence at all, Father did not establish a material change in circumstance warranting modification of the protective order.  In response, Father contends that "[w]hether psychological harm was proven or speculative is beside the point.  A rape victim is entitled to

more than 20 days of protection under Chapter 586."

The Family Court considered what evidence there was and found that by removing KS from the home and agreeing to the Stipulated Order, "Mother took reasonable and immediate measures to insure the safety of all of the children and thus minimizing the likelihood that there would be future threats of abuse or future acts of abuse."  In sum, the court found "Mother credible and that Mother has taken all necessary steps to protect all of her children."  After the April 9, 2013 hearing, the court found that "Father did not proffer a declaration or testimony of a therapist which substantiated his allegations of what the therapist would recommend" and concluded that "Father's Motion to Amend did not allege a material change in circumstances of the parties since the issuance of the March 20, 2013 Protective Order."

Furthermore, in determining the best interest of the children for purposes of custody, the Family Court was required to assess the safety needs of the children.  *See* Haw. Rev. Stat. 571-46(b)(8) (Supp. 2013).  In the absence of proof that it was unsafe for the younger children to return to Mother's home when KS was not present, then, the court was justified in both denying Father's motion to modify custody and determining that Mother could regain joint custody.  Therefore, the Family Court did not abuse its discretion by requiring Father to provide it with some evidence of the children's therapeutic condition at the consolidated hearing.

(5) Finally, Father contends that the Family Court erred when it applied the above-mentioned "change in circumstance" test to his motion to amend the Order for Protection and his motion to modify custody.  Father concedes that an extension to an order for protection requires a change in circumstances under HRS § 586-9, but he argues that "the statute as a whole certainly did not contemplate orders of protection in sexual assault cases to last a mere 20 days."[9/]  We are

---

[9/]     Father offers no argument relating the application of the changed-circumstances test to the motion to modify custody, and instead only states that "HRS § 586-4(d) contemplates that a custody order in a child custody
(continued...)

8

unconvinced, however, that the statute contemplated orders of any particular duration divorced entirely from the facts of the individual case.

First, to the extent that the Order for Protection expired at midnight on evening of April 8, 2013, an issue that we need not decide, this assessment provides context for the Family Court's statement to Father's counsel that counsel should "make an appropriate motion" or "[m]ake an appropriate TRO if you want to do that." Thus, we cannot hold that the Family Court abused its discretion in declining to amend the expired order. *La Valle v. La Valle*, 69 A.3d 1, 11 (Md. 2013) ("An expired protective order no longer exists, and an untimely hearing cannot revive it.").

Second, to the extent that the Family Court considered the motion to amend as a motion to modify an existing order for protection irrespective of its alleged termination, it was obliged to apply the changed circumstances test under HRS § 596-9. In FOF 35 of the April 2013 FOF/COL, the Family Court found that, "[a]t the April 9, 2013 hearing[,] Father did not proffer a declaration or testimony of a therapist which substantiated his allegations of what the therapist would recommend." Not only is this finding unchallenged and therefore binding on this court, *Okada Trucking Co.*, 97 Hawai'i at 458, 40 P.3d at 81, but a review of the record supports the finding. Because Father did not meet his burden under HRS § 586-9 to demonstrate that a material change in circumstances warranted modification of the Order for Protection, then COL 2 of the April 2013 FOF/COL is not erroneous, and the Family Court did not err in denying Father's April 4, 2013 Motion to Amend or in denying his motion to reconsider.

Nothing prevented Father from presenting any therapeutic recommendation regarding separation of KS from the three siblings as a changed circumstance warranting modification of the parties' custody order or even as a stand-alone fact

_____

[2]/ (...continued)
proceeding may trump the TRO." This assertion, however, has no apparent relationship to the point of error. Therefore, we do not consider the point further.

warranting issuance of a further order for protection at any point during the period in question or between then and now. Whether Father ever did that is indeterminable from the record in this case. What this case considers is Father's contention that the Family Court abused its discretion in refusing to amend the Order for Protection or to modify the custody order *after* Mother had taken the steps outlined in the Stipulated Order, but *before* any criminal charges were filed (if any were ever filed) and *before* any therapeutic recommendation was presented (if any was ever offered). Furthermore, it requires the substitution of this court's judgment about the proper reaction to serious, but up to that point unfiled, criminal charges over that of the trier of fact. Under *those* circumstances, in *this* case, we conclude that the court did not err.

For the foregoing reasons, we affirm the March 20, 2013 Order for Protection; the March 27, 2013 denial of the Motion to Amend HRS [§] 586 Protective Order, filed March 27, 2013; the April 9, 2013 oral order denying the April 4, 2013 Motion to Amend HRS [§] 586 Protective Order; and the May 3, 2013 Order Denying [Father's] Motion to Reconsider Order Entered on April 9, 2013 Filed April 19, 2013.

DATED: Honolulu, Hawai'i, December 21, 2015.

On the briefs:

Joy Mademba-Sy Yanagida and
Jean-Claude Mademba-Sy
(Yanagida & Associates)
for Petitioner-Appellant.

Elizabeth C. Melehan
for Respondent-Appellee.

Associate Judge

Associate Judge

DISSENTING OPINION BY NAKAMURA, C.J.

I respectfully dissent because I believe the family court abused its discretion in limiting the Order for Protection to twenty days given the serious and uncontested report of sexual abuse committed by KS against his half-brothers. Specifically, I believe the family court abused its discretion in limiting to twenty days the restrictions in the Order for Protection that prohibited KS from contacting his half-brothers.[1]

I.

KK and VK reported to their father (Father) that KS had sexually abused KK and VK (KS's half-brothers) by having them perform fellatio on KS. KS was thirteen years old, and KK and VK were six and four years old, respectively. KK and VK were interviewed at the Children's Justice Center and KS was interviewed by the police. It was Father's understanding that KS admitted to committing the sexual abuse.

Father has three sons, KK, VK, and two-year-old BK (collectively, "the three siblings"). KS's mother (Mother) is also the mother of the three siblings. KS's father is JS.

Within a week of learning of the sexual abuse, Father, on behalf of VK, filed an ex parte petition for temporary restraining order (Petition) against Mother, on behalf of KS. In the Petition, Father alleged that KK and VK each told him separately that KS had them "suck his dong"; that the sexual abuse took place at Mother's house; that KK and VK were interviewed at the Children's Justice Center; and that KS was interviewed by the police. Father also asserted "on information and belief" (1) that at the Children's Justice Center, KK and VK had repeated what they had told Father about the sexual abuse and

_____

[1] I do not believe that the family court abused its discretion in limiting the portion of the Order for Protection that concerned temporary custody and visitation to twenty days. The family court addressed the issue of custody over KS's half-brothers in the paternity case involving their father and mother, and the family court's custody order in the paternity case is not the subject of this appeal.

(2) that KS admitted the sexual abuse. On March 12, 2013, the family court granted the Petition.

On March 20, 2013, a show-cause hearing was held on the matters set forth in the Petition. At the hearing, Mother stipulated that "an incident had occurred," which made it unnecessary for the family court to hear testimony from KS, KK, or VK. The family court understood Mother's stipulation to mean that Mother was not contesting the allegations in the Petition and was not objecting to the entry of an Order for Protection against KS. The family court issued an Order for Protection which barred KS from having any contact with the three siblings. The family court found that "the recent conduct of [KS] included physical abuse which constitutes family violence under the definition of [Hawaii Revised Statutes (HRS) § 571-2." The family court also awarded temporary custody of the three siblings to Father, with visitation to Mother as ordered by a therapist. The family court, however, issued the Order for Protection to expire twenty days later, on April 9, 2013, which was the date the family court had set for a hearing on Father's motion to modify custody regarding the three siblings in the paternity case involving Father and Mother.

After Mother learned of the allegations of sexual abuse by KS, Mother and JS (KS's father) entered into a stipulated order in their divorce case (Stipulated Order), which provided for a change in KS's physical custody from Mother to JS. The Stipulated Order further provided that (1) Mother and JS will ensure that there is no contact between KS and the three siblings unless necessary for treatment purposes or otherwise ordered by the family court; and (2) Mother shall not have visitation with KS when she has custody of the three siblings.

On April 9, 2013, the family court held a hearing in the paternity case on Father's motion to modify custody. The family court also considered Father's request to extend the length of the Order for Protection. Citing the Stipulated Order, which required Mother and JS to ensure that there was no contact

2

between KS and the three siblings, and its order, which it had just entered, in the paternity case ordering Mother to make diligent effort to keep KS away from the three siblings, the family court denied Father's request to extend the duration of the Order for Protection. In support of its ruling, the family court also noted that Father had not presented a declaration or testimony of a therapist which recommended that the three siblings continue to be protected from KS. As a result, the family court permitted the Order for Protection to expire on April 9, 2013.

Father filed a motion for reconsideration, which included a letter from a therapist for KK and VK recommending that the children continue to reside temporarily with Father "until it is determined the environment in which the alleged sexual abuse occurred is safe for the children to return." The family court denied the motion for reconsideration, ruling that Father failed to present any new evidence.

II.

In my view, the family court abused its discretion in terminating the portion of the Order for Protection that prohibited KS from contacting the three siblings (the "no contact provisions"), just twenty days after the Order for Protection was issued. According to Father's uncontested report, KS had committed serious acts of sexual abuse against KK and VK -- acts which if KS was an adult would have exposed him to prosecution for a class A felony punishable by twenty years of imprisonment. The record does not reveal any attempt to controvert or challenge the allegations of sexual abuse. The family court and all the parties involved recognized the serious nature of the acts allegedly committed by KS and the need to keep KS away from the three siblings for their safety and protection. Mother and JS entered into the Stipulated Order to ensure that there would be no contact between KS and the three siblings, and Mother agreed not to have visitation with KS when she had custody of the three

3

siblings. The family court in the paternity case ordered Mother to make diligent effort to keep KS away from the three siblings.

As the family court's own rulings acknowledged, it was obvious that keeping KS away from the three siblings was necessary for the safety and protection of the three siblings. In my view, given these circumstances, there was no good reason for the family court to limit to twenty days, and then refuse to extend, the no contact provisions of the Order for Protection. The family court's first error was limiting the no contact provisions of the Order for Protection to twenty days, after it held the March 20, 2013, show-cause hearing on the matters set forth in the Petition. Under HRS § 586-5.5(a) (2006), it was Mother's burden (on behalf of KS) at that hearing to show cause why the temporary restraining order should not be continued, and the family court was authorized to issue an order for protection for a "fixed reasonable period as the court deems appropriate." The family court further erred by failing to extend the no contact provisions of the Order for Protection at the April 9, 2013, hearing. As Father notes, the Order for Protection was necessary to impose restrictions that could be directly enforced against KS; the family court's custody/visitation orders in the divorce and paternity cases imposed obligations on Mother and JS, but not on KS.

I believe the family court was also wrong in relying on Father's failure to present testimony of a therapist at the April 9, 2013, hearing as a basis for refusing to extend the no contact provisions of the Order for Protection. The family court erred in the first instance by limiting the no contact provisions of the Order for Protection to twenty days. It should not have required Father to establish a material change in circumstances pursuant to HRS § 586-9 (2006) as a precondition for extending the no contact provisions. See HRS § 586-5.5(b) (2006). In my view, given the obvious safety concerns created by KS's reported conduct, the family court should have extended the no contact provisions of the Order for Protection until it received

4

competent evidence from a therapist or other reliable source that permitting contact between KS and the three siblings would not harm or threaten the safety of the three siblings.

For these reasons, I respectfully dissent.

*Craig H. Nakamura*